IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-cr-40008-JPG-2 |
| ) | |
| THOMAS A. O'GRADY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Thomas A. O'Grady's *pro se* motion for appointment of counsel and for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 483).

The Court is unable to appoint counsel in this case under the Criminal Justice Act, 18 U.S.C. 3006A, which does not permit appointments in proceedings such as this. *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Additionally, as set forth below, the defendant is not entitled to relief on the merits, and the presence of counsel would not assist his case.

The defendant pled guilty to one count of conspiracy to manufacture methamphetamine. At sentencing on September 23, 2015, the Court found by a preponderance of the evidence that the defendant's relevant conduct was 1,709.6 kilograms of marihuana equivalent units ("MEUs"), which under U.S.S.G. § 2D1.1(c)(5)[1] yielded a base offense level of 30. However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1 based on two prior drug felony convictions, which raised his base offense level to 32. His offense level was reduced by three points under U.S.S.G. § 3E1.1(a) and (b) because he timely demonstrated acceptance of responsibility for his

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2014 version of the U.S.S.G., including Amendment 782, which became effective November 1, 2014.

offense.  This established a total offense level of 29 which, considering his criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, yielded a sentencing range of 151 to 188 months in prison.  The Court imposed a sentence of 132 months.  The defendant now asks the Court to apply Amendment 782 to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request.  *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant the defendant's motion for a sentence reduction because he cannot satisfy the first criterion.  He was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts.  However, the defendant's September 23, 2015, sentence was calculated when Amendment 782 had already become effective.  Additionally, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.

Thus, his offense level and his guideline range could not have been lowered by Amendment 782. For these reasons, the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant his reduction request. *See Taylor*, 778 F.3d at 762. The Court therefore **DENIES** his motion for a sentence reduction and for appointment of counsel (Doc. 483).

The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to defendant Thomas A. O'Grady, No. 11108-025, FPC Duluth, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814.

**IT IS SO ORDERED.**
**DATED: November 28, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**